IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.V. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-829 |
| | ) | |
| WESTMORELAND COUNTY | ) | The Honorable Nora Barry Fischer |
| CHILDREN'S BUREAU; MARILYN | ) | |
| McSPARRIN, Director of the | ) | |
| Westmoreland County Children's | ) | |
| Bureau; SHANNON HAYWORD; | ) | |
| MICHELLE BRANT; FRANK MARSILY; | ) | |
| DAWN SMITLEY; ROCHELLE | ) | |
| RIBBLET; WILLIAM SAWDY; | ) | |
| MELINDA WALKER; and CAROL | ) | |
| PATTERSON, | ) | |
| Defendants. | | |

**MEMORANDUM OPINION**

Defendant Carol Patterson (hereinafter "Patterson") has moved to dismiss Plaintiff D.V.'s suit, stating that the Amended Complaint sets forth a professional liability claim for which Plaintiff has failed to file a certificate of merit as required by Pa.R.C.P. 1042.3.[1] Patterson urges the Court to find that the Plaintiff's claims against her arose out of her actions as a licensed psychologist. (Docket No. 18 at pp. 7-8). As explained below, however, a failure to file such a certificate in this case is not fatal to Plaintiff's claims because the complaint is based on alleged

---

[1] In order to meet the requirements of the certificate of merit, the attorney for the plaintiff shall file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney or party that (1) "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. Proc. 1042.3(a)(1).

1

violations of the First and the Fourteenth Amendment rights, which are actionable under *federal law* pursuant to 42 U.S.C. § 1983. (Docket. No. 16 at pp. 65-90).

## Factual Summary

Plaintiff's Amended Complaint alleges that Defendant Westmoreland County Children's Bureau and the individually named employees of that Agency abused the authority conferred on them by their official status in enforcing state child welfare laws. Further, he alleges that the Defendants, acting under color of state law, jointly and individually deprived D.V. of his rights as guaranteed to him by the First and the Fourteenth Amendments. Patterson is a licensed psychologist and frequent contractor with the Westmoreland County Children's Bureau. Patterson produced, at the behest of the County Defendants, a report which allegedly resulted in one of the instances in which D.V.'s custodial relationship with his children was suspended. (Docket No.16 at pp. 16-18). It is Patterson's Motion to Dismiss that is addressed here.

## Standard

Under *Bell Atl. Corp. v. Twombly*, --- U.S.---, 127 S.Ct. 1955 (2007), a claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).[2] *See Phillips v. Count of Allegheny*, --- F.3d ----, 2008 WL 305025, at *6 (3d Cir. 2008) (declining to read *Twombly* "so narrowly as to limit its holding on plausibility to the antitrust context" and noting that plausibility is related to the requirement of a Rule 8 "showing").

---

[2] The Court notes Plaintiff filed his Complaint prior to the Supreme Court's ruling in *Twombly*. However, his Amended Complaint filed in October, 2007 is governed by *Twombly's* pleading standards.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. As still required post-*Twombly*, the Court accepts all well-pled material allegations in Plaintiff's Complaint as true and draws all reasonable inferences therefrom in his favor. *Id.* at 1964-65 & 1969 n.8. Finally, on a motion to dismiss, a court may consider some evidence beyond a complaint (and the attached exhibits) "including public records..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, Civil Action No. 06-CV-1346, 2007 U.S. Dist. LEXIS 73069, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (*citing Oshiver v. Levin*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted).

**Analysis**

Patterson correctly cites case law regarding the interpretation of Rule 1042.3 in diversity medical malpractice actions. Indeed, the application of Pa.R.C.P. 1042.3 was justified in the cited *diversity actions* because, in those cases, it was outcome determinative and, thus, substantive under *Erie* for choice of law analysis purposes. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938); *Velazquez v. UPMC Bedford Memorial Hosp*. 338 F.Supp.2d 609, 613 (W.D.Pa. 2004); *Ditch v.Waynesburg Hospital*, 917 A.2d 317 (Pa. Super. 2007). However, here the jurisdiction of this Court arises under 28 U.S.C.A. § 1331, the general federal question statute, obviating the need to undertake the *Erie* choice of law analysis and requiring the application of federal procedural and substantive law.

Case law makes it clear that the standards for determining a violation of the United States Constitution differ from those for determining whether a defendant has committed a tort

actionable under state law. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986);[3] *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979).[4] Thus, it makes no difference how Defendant Patterson characterizes the claims: they remain federal claims, actionable on federal grounds.

This line of reasoning is further supported by noting that a civil rights statute providing liability for deprivation of rights under color of law is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by the Constitution or federal statutes. *Maher v. Gagne,* 448 U.S. 122, 129 n. 11 (1980). Thus, whenever a plaintiff files a §1983 claim, the court must look to the underlying substantive right that was allegedly violated to determine whether that right was conferred by federal law. *Id.* Section 1983 offers no remedy for abuses that do not violate federal law. *Collins v. City of Harker Heights,* 503 U.S. 115, 119 (1992). In this § 1983 case, the alleged violations concern Plaintiff's First and Fourteenth Amendment rights under the United States Constitution.

Equally unavailing is the preemption argument on D.V.'s part. To this end, D.V. cites the Supreme Court decision in *Felder v. Casey*, 487 U.S. 131 (1988), arguing that § 1983 preempts Rule 1042.3. [5]

---

[3] In *Daniels*, the Court expounded on the need to remain mindful of the original purposes of the Constitution when a negligence claim against a government official is filed, concluding that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. at 328 (emphasis in original).

[4] In *Baker*, the Court explained that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violation of duties of care arising out of tort law. 443 U.S. at 146. Moreover, the *Baker* Court noted that "false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id.* In an earlier case and applying a parallel reasoning, the Court commented that "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[5] In *Felder*, a § 1983 action was filed in state court, and the state notice-of-claim statute, which was a state procedural rule, was preempted by the remedial purpose of § 1983.

4

Pertinent to this case is the *Felder* Court's dicta on whether the state notice-of-claim provision would be applicable to § 1983 actions brought in federal courts. The specific query was whether the state statute was "indispensable" to the federal scheme of justice, requiring the federal court to borrow it under 42 U.S.C. § 1988.[6] *Id., at* 140. The reasoning in the *Felder* case built upon the rationale proffered in an earlier § 1983 case, *Wilson v. Garcia*, 471 U.S. 261 (1985). The *Wilson* Court acknowledged that the absence of a specific statute of limitations in the civil rights statutes left a void in the federal law, which necessitated adopting a local time limitation as federal law. Pursuant to § 1988, the Court followed a "three-step process."

> "First, courts are to look to the laws of the United States 'so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect.' [42 U.S.C. § 1988.] If no suitable federal rule exists, courts undertake the second step by considering application of state 'common law, as modified and changed by the constitution and statutes' of the forum state. *Ibid*. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not 'inconsistent wit the Constitution and laws of the United States.' *Ibid*."

*Wilson*, 471 U.S. at 267 (citing *Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984)).

Here, the Court need not go beyond the first step. Pennsylvania's Rule 1042.3 is a procedural requirement in the state courts. Its goal is to weed out clearly nonmeritorious lawsuits early in the litigation process. *See Warren v. Folk*, 886 A.2d 305, 309 (2005). As such,

---

[6]Title 42 U.S.C. § 1988 provides, in relevant part: "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title 'CIVIL RIGHTS,' and Title 'CRIMES,' for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws if the United States, shall be extended to and govern the said courts in the trial and disposition of the cause..."

this state rule is not vital to the adjudication of federal issues because the federal laws address the same concern through F.R.C.P. Rule 11(b)[7] and F.R.C.P. Rule 26(a)(2).[8]  Federal rules of procedure, therefore, do not leave a void to be filled by the Pennsylvania rule 1042.3, obviating the need to import this rule into the federal judicial system.

**Conclusion**

It is well established that defendants do not have the luxury of choosing the legal theory on which they may be sued.  Here, the argument on which Patterson relies fails to bear upon the theory on which the plaintiff seeks to build his case, namely, the deprivation of his rights secured under 42 U.S.C.§ 1983.  Given the Court's analysis above, Rule 1042.3 is inapplicable.  Accordingly, failure to file a certificate of merit is not sufficient grounds for dismissal.  An appropriate order follows.

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:       March 3, 2008

cc/ecf:       All counsel of record

---

[7] Rule 11(b) provides that representations made to the court be certified as having been made for proper purpose, founded upon nonfrivolous basis, and warranted by evidentiary support.

[8] Rule 26(a)(2) seeks to establish the credibility of the written report by an expert expected to testify in the case.