IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-cv-00829 |
| vs. | ) |
| | ) Judge Nora Barry Fischer |
| WESTMORELAND COUNTY CHILDREN'S | ) |
| BUREAU, MARILYN MCSPARRIN, SHANNON | ) |
| HAYWORD, MICHELLE BRANT, FRANK | ) |
| MARISLY, DAWN SMITLEY, ROCHELLE | ) |
| RIBBLET, WILLIAM SAWDY, MELINDA | ) |
| WALKER, and CAROL PATTERSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Upon Consideration of Plaintiff's Motion, Including Legal Authority, For Order of Court Imposing Sanctions Directed at Counsel for Judge Feliciani [DE 67], Counsel for Judge Feliciani's Response thereto [DE 69], and after hearing argument on November 12, 2008, on this 20th day of November, 2008, the Court HEREBY DENIES Plaintiff's motion for the following reasons.

Counsel for Judge Feliciani became involved in this matter when Plaintiff served a subpoena upon Judge Feliciani[1], a non-party to this action, seeking to take his deposition. (Docket No. 67 at ¶7). In response, on September 17, 2008, counsel for Judge Feliciani filed a Motion to Quash

---

[1] Judge Feliciani sits as a Common Pleas Judge in Westmoreland County. At oral argument, counsel for Judge Feliciani advised the Court that she had one conversation with Judge Feliciani in regard to this matter. During said conversation, Judge Feliciani indicated that he had not been involved with Plaintiff's state court action since November 2005, and that said involvement was not significant. Judge Feliciani did not mention that the underlying state court action had been sealed.

1

Subpoena, and a Motion for Protective Order and Brief in Support. (Docket Nos. 57 and 58). In said Motion to Quash, counsel for Feliciani revealed the identity of Plaintiff by quoting a cover letter written by Plaintiff's counsel that accompanied the Notice of Deposition sent to Judge Feliciani via facsimile and regular mail. (Docket No. 69 at ¶¶ 7, 11; *See also* Docket No. 57 at ¶ 4). Thereafter, Plaintiff filed the instant Motion on October 8, 2008, requesting sanctions against counsel for Judge Feliciani asserting she violated the Court's November 5, 2007 Order and Local Rule 5.1.1(D)(2), (Docket No. 67).

First, at oral argument, counsel for Plaintiff conceded, and the Court agrees, that counsel for Judge Feliciani's actions were not willful or intentional.

Second, the Court finds that counsel for Judge Feliciani did not violate this Court's November 5, 2007 Order or Local Rule 5.1.1(D)(2). The Court's November 5, 2007 Order stated that "**counsel for Defendants** are to redact any identifying information from any further submissions to the Court." (Docket No. 22) (emphasis added). This Order was directed to the parties in this matter, specifically the Defendants, and was not intended to target potential non-parties in this litigation. Further, Local Rule 5.1.1(D)(2), prohibits disclosure of information relating to the identity of minor children. W.D.Pa.L.R. 5.1.1(D)(2). Judge Feliciani's Motion did not reveal the specific identity of the minor children involved in this matter, but instead referred to the family name. (Docket No. 57 at ¶ 4). Accordingly, the Court finds that counsel for Judge Feliciani did not violate its Order or the Local Rule.

Third, this Court finds the circumstances in this case to be factually distinguishable from the case law advanced by Plaintiff for several reasons. *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557,

2

566 (3d Cir. 1985); *Estate of Leon Spear v. Commissioner of Internal Revenue Service*, 41 F.3d 103, 111-112 (3d Cir. 1994) . As stated above, there is no evidence in the record, and Plaintiff admits, that counsel for Judge Feliciani's actions were not taken in bad faith, willful or intentional. In addition, contrary to the legal authority upon which Plaintiff relies, Plaintiff is requesting sanctions against a non-party to this action for a single alleged violation. Further, the disclosure in dispute originated from documents drafted and delivered by Plaintiff's counsel to Judge Feliciani. Plaintiff's counsel more than anyone else involved in this case should appreciate that Plaintiff wants confidentiality for his children. Said cover letter did not reference that this matter was under seal and/or that Judge Feliciani had entered an Order on March 4, 2005 sealing the record in the underlying state court action. (Docket No. 69 at ¶ 11). In addition, prior to filing her Motion to Quash Subpoena, counsel for Judge Feliciani engaged in a conversation with Plaintiff's counsel in an attempt to resolve said motion. *Id*. Although counsel for Plaintiff was well aware that she was unfamiliar with this case and a non-party to this action, he failed to inform her of the Court's November 5, 2008 Order or the sensitive nature of the case during the conversation or any time thereafter. *Id*. Moreover, although the Court is aware that bad faith is not required for the impositions of sanctions, the Court finds that Plaintiff has failed to prove that he has been sufficiently prejudiced as his identity would have eventually been revealed at trial. *See Estate of Leon Spear v. Commissioner of IRS*, 41 F.3d 103, 111-112 (3d Cir. 1994).

Considering the standard set forth in *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) and *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65 (3d Cir. 1994), the facts before this Court and for the reasons stated above, the Court finds that the circumstances in this case do not

warrant an imposition of sanctions. Accordingly, Plaintiff's Motion for Order Imposing Sanctions Directed at Counsel for Judge Feliciani [67] is DENIED. In future filings, Judge Feliciani and his counsel will adhere to the Court's directive as contained in its Order dated November 5, 2007. In addition, to the extent Plaintiff and his counsel request confidentiality, they are required to inform any non-parties of the same as well as the Court's November 5, 2007 Order and this Court's Local Rule 5.1.1(D)(2).

                                            BY THE COURT:

                                            *s/ Nora Barry Fischer*
                                            Nora Barry Fischer
                                            United States District Judge

cc/ecf: All counsel of record
       Mary Butler, Esquire